## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ROHDE & SCHWARZ USA, Inc.,** | |
| *Plaintiff,* | Civil Action |
| *v.* | |
| **FEDERON PROCUREMENT SOLUTIONS,** | Case No.: 1:25-cv-03187-SAG |
| *Defendant.* | |

### PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT PURSUANT TO RULE 55(B)(2)

COMES NOW Plaintiff, Rohde & Schwarz USA, Inc. ("R&S" or "Plaintiff"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Rule 108.2(b), moves for entry of default judgment against Defendant Federon Procurement Solutions ("Federon" or "Defendant") and in support of its Motion for Entry of Default Judgment, states as follows:

1.      This action arises from Federon's breach of a written contract to purchase highly specialized NTS50T equipment from Plaintiff, resulting in an unpaid principal balance of $151,990.00, plus late fees, interest, and recoverable attorneys' fees and collection costs. *See Complaint* ¶¶ 7–15 (Exhibit A to Complaint includes the controlling Terms & Conditions); *see also Affidavit of Barbara Bunting*, attached hereto as **Exhibit 1**.

2.      On August 23, 2023, R&S extended a firm written offer to Federon for the sale of specified NTS50T kits, expressly incorporating the R&S Terms & Conditions of Sale, which entitle R&S to recover late fees, attorneys' fees, and collection expenses. *See Complaint* ¶ 7; *see also* Exhibit A to the *Complaint*, Terms & Conditions of Sale, §2.

Page **1** of **10**

3. Federon accepted the offer and issued a purchase order for $171,990.00, and subsequently made a $20,000 deposit, leaving $151,990.00 due and owing. *Complaint* ¶¶ 8–9.

4. R&S delivered the equipment, invoiced Federon on December 18, 2024, with payment due by January 17, 2025, and Federon did not object to the invoice or to the goods. *Complaint* ¶¶ 10–12.

5. Despite repeated notices and a formal demand letter, Federon has failed to make any further payment. *Complaint* ¶ 13

6. R&S filed its *Complaint* on September 25, 2025 (ECF No. 1), and a *Summons* was issued on September 29, 2025 (ECF No. 8).

7. Federon was properly served on October 3, 2025, through its registered agent. *See Affidavit of Service* (ECF No. 10).

8. Pursuant to Federal Rule of Civil Procedure 12(a)(1), Federon's Answer was due October 24, 2025.

9. Federon has failed to plead or otherwise defend.

10. On November 3, 2025, the Clerk entered Default against Federon pursuant to Federal Rule of Civil Procedure 55(a). *See Order of Default* (ECF No. 12); *Notice of Default* (ECF No. 13).

## ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 55 governs the process for obtaining a default judgment against a party that fails to timely respond after being served with process. *See* Fed. R. Civ. P. 55. Obtaining a default judgment is a two-step process. *Id*. First, the Clerk must enter a party's default upon a showing, by affidavit or otherwise, that the party has failed to plead or otherwise defend.

Fed. R. Civ. P. 55(a). Second, and upon the entry of the default, the party seeking default judgment "must apply to the court for a default judgment." *Id*. at 55(b)(2).

In evaluating a motion for default judgment under Rule 55(b)(2), the Court may conduct a hearing for the purpose of assessing damages. *Id*. However, the Court may also decide a motion for default judgment on the memoranda without a hearing. *See* Local Rule 105.6; Local Rule 108.2(b); *see also Berrios v. Green Wireless, LLC*, No. GJH-14-3655, 2018 WL 1229728, at *4 (D. Md. Mar. 8, 2018) (citing *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2012) ("On default judgment, the Court may award damages without a hearing if the record supports the damages requested.")); *Nat'l Elec. Benefit Fund v. Allan/Brite-Way Elec. Contractors, Inc*., No. GJH-17-1540, 2018 WL 2435188, at *1 (D. Md. May 30, 2018) (granting Plaintiff's Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b) without a hearing and awarding damage in the amount of $240,107.81).

**B. The Court Should Enter Default Judgment Against Federon for Breach of Contract and Award Compensatory Damages**

R&S has satisfied both requirements for entry of default judgment against Federon. First, the Clerk has noted Federon's default in the record as required by Federal Rule of Civil Procedure 55(a). R&S initiated the default process by filing its *Motion for Entry of Default Against Defendant* on November 3, 2025 (ECF No. 11), which included reference to the fact that Federon was served with process on October 3, 2025 (ECF No. 10). The Clerk then entered an Order of Default against Federon on November 3, 2025 (ECF No. 12) and issued a Notice of Default to Federon (ECF No. 13) that same day.

Second, through this motion, R&S is applying to the Court for a default judgment to be entered against Federon. By failing to timely plead or otherwise respond, Federon has admitted to each paragraph of R&S's *Complaint*. Specifically, Federon has admitted that it placed the purchase

order subject to R&S's terms and conditions, that Federon received the purchased items from R&S, and that Federon has materially breached the payment terms of the agreement. *See Complaint* ¶¶ 8, 11, 17–20. Accordingly, this Court should enter default judgment against Federon for breach of contract.

Further, R&S has incurred damages as a result of Federon's breach of contract. R&S has incurred a principal loss of $151,990.00, plus attorneys' fees in the amount of $7,727.30 and costs in the amount of $843.89. *See Affidavit of Barbara Bunting*, attached hereto as **Exhibit 1**; *see also Affidavit of M. Celeste Bruce, Esquire*, attached hereto as **Exhibit 2**. R&S is further entitled to prejudgment interest on the principal loss of $151,990.00 from January 17, 2025 (the date payment was due from Federon) to present, at a rate of 1.5% per month, for a total interest amount of $25,078.35.[1]

As R&S's damages are for a sum certain, the Court need not hold an evidentiary hearing before entering default judgment against Federon. *United States v. Vardoulakis*, No. CIV. WDQ-07-3341, 2010 WL 5137653, at *5 (D. Md. Dec. 9, 2010), *opinion amended and supplemented*, No. CIV. WDQ-07-3341, 2011 WL 255810 (D. Md. Jan. 26, 2011) ("[O]n default judgment, the Court only may award damages without a hearing if the record supports the damages requested.") (citing generally *Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, No. 6:09cv00004, 2009 WL 1872535, at *2 (W.D. Va. June 30, 2009) (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" after default judgment was entered against defendant because plaintiff submitted affidavits and printouts of electronic records establishing the amount of damages it sought)); *DirecTV, Inc. v. Yancey*, No. Civ.A. 404CV00011, 2005 WL

---

[1]    This interest amount was calculated through December 18, 2025. Interest continues to accrue at a rate of an additional $74.95 per day from the date of filing of this Motion to the date of entry of the judgment by this Court.

3435030, at *2 (W.D. Va. Dec.12, 2005) (concluding that a hearing was "not required to enter default judgment" because Plaintiff "presented sufficient evidence to support its claim for damages, costs and fees by way of uncontradicted affidavits").

Because Federon is an entity, and not an individual, it is not subject to the protections of Local Rule 108.2(b) because Federon is not in military service, underage, or mentally incompetent.

Therefore, the Court should enter default judgment against Federon and award R&S compensatory damages in the amount of $151,990.00, plus prejudgment interest, costs, and attorneys' fees.

**C. The Court Should Also Award R&S Its Reasonable Attorneys' Fees and Costs**

Pursuant to the Terms and Conditions of Sale, R&S is entitled to recover all costs, including prejudgment interest, attorneys' fees, expenses, and collection costs incurred due to Federon's nonpayment and breach of contract. *See* Exhibit A to the *Complaint*, Terms and Conditions of Sale § 2. Here, R&S has incurred attorneys' fees in the amount of $7,727.30 and costs in the amount of $843.89 arising from Federon's breach of the agreement and the resulting collection efforts. *See Declaration of M. Celeste Bruce, Esq.,* attached hereto as **Exhibit 2**. As a result, R&S seeks an award of its reasonable attorneys' fees and costs. By failing to file a responsive pleading, Federon has admitted that R&S is entitled to recover its reasonable attorneys' fees and costs against Federon incurred in connection with this action. *See Complaint* ¶ 15.

The decision to award attorneys' fees, and the extent of those fees, rests within the sound discretion of the trial judge. *Wyne v. Medo Indus., Inc*., 329 F. Supp. 2d 584, 586 (D. Md. 2004) ("While an award of costs to a prevailing party is usual, the inclusion of various items within that award rests with the sound discretion of the trial court.") (citing *Advance Bus. Sys. & Supply Co. v. SCM Corp.*, 287 F. Supp. 143, 162 (D. Md. 1968)). In evaluating whether a request for attorneys'

fees is reasonable, the court must determine the "lodestar figure," by multiplying the number of reasonable hours expended by a reasonable hourly rate. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). To determine whether the hours expended or the rates charged are reasonable, the Fourth Circuit has instructed district courts that they may consider the following twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id*. at 243–244 (quoting *Barber v. Kimbrell's Inc*., 577 F.2d 216, 226 n.28 (4th Cir. 1978)); *see also,* Appendix B to the Local Rules. However, in making a fee determination, a Court need only address the factors that are relevant to determining reasonableness in that particular case. *Environmental Tech. Council v. State*, 2000 WL 709573, at *2 (4th Cir. June 2, 2000) (citing *Alexander v. Tyler*, 1999 WL 305029, at *2 (4th Cir. May 14, 1999).

As evidenced by the invoices and time entries prepared in the case, it was reasonable for R&S's attorneys and paralegals to spend a total of 30.8 hours in their attempts to collect the loss caused by Federon and obtain a judgment thereon. *See* **Exhibit 2**. Specifically, the attorneys and paralegals retained by R&S performed valuable services, including reviewing and analyzing all purchase documentation and communications; investigating the Defendant; preparing pre-suit demand correspondence; securing local counsel; drafting, filing, and serving the *Complaint*; requesting default pursuant to Federal Rule of Civil Procedure 55(a); requesting entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b); legal research and analysis to support

the afore-listed filings; corresponding with R&S regarding all of the above-referenced tasks and other related issues; and preparing a comprehensive litigation strategy. *See* copies of all relevant invoices and time entries attached as Composite Exhibit A to the *Affidavit of M. Celeste Bruce, Esquire*. Moreover, even though several attorneys are involved, the billing records attached as Composite Exhibit A to the *Affidavit of M. Celeste Bruce, Esquire*, make clear that there was no duplication of effort or redundant time entries. *Id*. R&S, therefore, submits that the time expended by its attorneys and paralegals in connection with this litigation was reasonable and necessary.

Furthermore, the hourly rates charged by R&S's attorneys are reasonable and in accordance with prevailing market rates. *See Westmoreland Coal Co. v. Cox*, 602 F.3d 276, 290 (4th Cir. 2010) (noting that the fee applicant has the burden to establish the applicable prevailing market rate as the starting point for analyzing the reasonableness of the requested hourly rate).

In Appendix B to the Local Rules, the United States District Court for the District of Maryland suggests a "useful guideline for hourly rates may be provided by the Fitzpatrick Matrix as adjusted annually, with a reduction of 5% to 20% (to reflect differences between the legal markets in Washington, D.C. and Maryland.)." The Fitzpatrick Matrix provides a "matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks…to assist with resolving requests for attorney's fees…." *See* **Exhibit 3.**  The hourly rates charged by R&S's attorneys are reasonable and in accordance with the suggested reduction of the Fitzpatrick Matrix guidelines.

The lead attorney on the case, Ken Abele, is a partner at the law office of Ausley McMullen in Tallahassee, Florida. Mr. Abele is barred in both Florida and Georgia, has over 26 years of litigation experience, and regularly practices in the area of commercial collections. Mr. Abele was admitted *pro hac vice* to the United States District Court for the District of Maryland for this

matter. Mr. Abele's hourly rate for this matter is $425/hr, which is well within the guidelines proposed by the Fitzpatrick Matrix of $897 for an attorney with over 26 years of experience in 2025, including an over a 20% reduction to account for differences in legal markets.

Local counsel, M. Celeste Bruce, Rifkin Weiner Livingston, LLC ("RWL") is a Maryland attorney who also has over 30 years of experience and regularly practices before the U.S. District Court for the District of Maryland and the Fourth Circuit.  Ms. Bruce is co-chair of RWL's Complex Civil and Commercial Litigation practice and has 30 years of experience in broad-based commercial and complex civil litigation in state and federal courts and before administrative and arbitral tribunals.  Ms. Bruce's reduced hourly rate of $692/hour is within the guidelines proposed by the Fitzpatrick Matrix of $919 for an attorney with over 30 years of experience in 2025.

Luke Forsthoefel is an associate attorney with the office of Ausley McMullen in Tallahassee, Florida, and is barred in Florida. Mr. Forsthoefel has been practicing for over five (5) years and has experience in the areas of commericail litigation and commercial collections. Mr. Forsthoefel was admitted *pro hac vice* to the United States District Court for the District of Maryland for this matter. Mr. Forsthoefel's hourly rate for this matter is $275/hr, which is well within the guidelines proposed by the Fitzpatrick Matrix of $639 for an attorney with over five (5) years of experience in 2025, including over a 20% reduction to account for differences in legal markets.

Heather L. Pike is a highly qualified paralegal with RWL, having earned her paralegal certificate in December 2003.  She works within the Complex Civil and Commercial Litigation practice at RWL directly under the supervision of Ms. Bruce and has more than 20 years of experience in assisting and aiding counsel with broad-based commercial and complex civil litigation in state and federal courts and before administrative and arbitral tribunals.  Ms. Pike's

substantive responsibilities include factual and legal research; drafting pleadings and motions and related documents; and handling all aspects of a case from pre-filing through conclusion.  Ms. Pike's work on this case involved legal research and drafting that, had it not been performed by a qualified paralegal, would have been completed by an attorney at a significantly higher hourly rate, thus increasing overall client costs. Ms. Pike is a paralegal member of the Maryland State Bar Association and the Prince George's County Bar Association.  Ms. Pike's reduced hourly rate of $196/hour is within the guidelines proposed by the Fitzpatrick Matrix of $255 for a paralegal in the year 2025.

Thus, the hourly rates charged and detailed in the *Affidavit of M. Celeste Bruce, Esquire,* are examples of the prevailing market rates for the type of work performed in this case. *Id*.

Given the background and experience of R&S's attorneys, the detailed billing records evidencing the work expended by each attorney and paralegal, and the rates charged consistently with the guidelines in the District of Maryland Local Rules for cases litigated in the District of Maryland, R&S respectfully requests that this Court award it reasonable attorneys' fees in the amount of $7,727.30 and costs in the amount of $843.89.

## **CONCLUSION**

WHEREFORE, Plaintiff, Rohde & Schwarz USA, Inc, respectfully requests entry of a default judgment against Defendant, Federon Procurement Solutions, for (1) the principal amount of $151,990.00 arising from the conduct alleged in R&S's *Complaint*; (2) R&S's attorneys' fees in the amount of $7,727.30 and costs in the amount of $843.89; and (3) prejudgment interest at rate of 1.5% per month in the amount of $25,078.35 for a total judgment amount of $185,639.54, and such other further relief as this Court may deem just and proper.

Respectfully submitted this 23rd day of December, 2025.

*/s/ M. Celeste Bruce*
M. Celeste Bruce (Bar No. 10710)
RIFKIN WEINER LIVINGSTON LLC
7700 Wisconsin Avenue, Suite 320
Bethesda, Maryland 20814
(301) 951-0150 telephone
(301) 951-0172 facsimile
cbruce@rwllaw.com
**and**
*/s/ Ken Abele*
*KEN ABELE
Florida Bar No. 0254370
Georgia Bar No. 000377
*LUKE W. FORSTHOEFEL
Florida Bar No. 1025400
AUSLEY MCMULLEN
P. O. Box 391
Tallahassee, Florida   32302
(850) 224-9115
(850) 222-7560 FAX
kabele@ausley.com
lforsthoefel@ausley.com
*Attorneys for Petitioner, Rohde & Schwarz USA, Inc.*
*Admitted pro hac vice*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 23rd day of December, 2025, a true and accurate copy of the foregoing *Memorandum of Points and Authorities in Support of Motion for Entry of Default Judgment Pursuant To Rule 55(B)(2)* was served via first-class mail, postage-prepaid on the Defendant as listed below:

Federon Procurement Solutions
3856 Barcroft Lane, Alexandria, Virginia 22312

Federon Procurement Solutions
30 N Gould St Ste N, Sheridan, WY 82801

*/s/  M. Celeste Bruce, Esq.*
M. Celeste Bruce (Bar No. 10710)
